UNITED STATES DISTRICT COURT         Index No. 2015 CV
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
STEVEN DAVIS AND AYAKO MINATOYA VELEZ

                                           VERIFIED
                      Plaintiff,            COMPLAINT

           -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY DEPARTMENT
OF CORRECTIONS, JOHN DOE CAPTAIN or LIEUTENANT,
POLICE OFFICERS JOHN DOE 1-4,
CORRECTION OFFICER CAPTAIN BLASSINGAME,
CORRECTION OFFICER SECURITY CAPTAIN
VISMILLS, CORRECTION OFFICER CODEA,
CORRECTION OFFICERS 1-4,
HON. CYRUS VANCE, DISTRICT ATTORNEYS
OFFICE NEW YORK COUNTY,

                       Defendants.
-------------------------------------------------------------------x

<u>INTRODUCTORY STATEMENT</u>

1.      This is an action for damages sustained by plaintiff STEVEN DAVIS, (herein

after referred to as DAVIS and/or plaintiff) and AYAKO MINATOYA VELEZ

(hereinafter referred as AYAKO or plaintiff) and against the CITY of NEW YORK

(hereinafter referred to as the CITY and/or defendant), the NEW YORK CITY POLICE

DEPARTMENT, (hereinafter referred to as NYPD and/or defendant), who through its

employees, agents and/or assigns unlawfully assaulted, arrested, improperly prosecuted

and harassed Plaintiff STEVEN DAVIS; search of plaintiffs' premises without a warrant

and/or the destruction of their personal property and invasion of privacy; for personal and

emotional injuries suffered and arising from the unlawful acts of the defendants, in

particular JOHN DOE CAPTAIN or LIEUTENANT, POLICE OFFICERS "JOHN

DOE" 1-4 (hereinafter respectively referred to as "JOHN DOE" 1-4), and against the

CITY, as the supervisory body responsible for the conduct of the NYPD, the defendants

and for its failure to take corrective action with respect to police officers and/or personnel

for their failure to act, whose vicious propensities were notorious, to assure proper

training and supervision of the personnel, or to implement meaningful procedures to

discourage lawless official conduct, same which is/are sued as a "person" under Title 42

USC 1983; and the actions of the CITY, NYPD, HON. CYRUS R. VANCE, JR.

(hereinafter referred to as HON. CYRUS VANCE and/or defendant) and the offices of

the DISTRICT ATTORNEY OF NEW YORK COUNTY (hereinafter referred to as

DISTRICT ATTORNEY NEW YORK COUNTY, DA NEW YORK COUNTY, DA'S

OFFICE NEW YORK COUNTY and/or defendant), and/or for continuing to prosecute a

criminal case(s) against STEVEN DAVIS, amounting to malicious prosecution; in failure

to prosecute and/or investigate a case against the said defendant police officers  JOHN

DOE CAPTAIN or LIEUTENANT AND POLICE OFFICERS "JOHN DOE" 1-4 who

wrongfully arrested the plaintiff DAVIS utilizing "excessive force" and/or the NYPD and

HON. CYRUS VANCE, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE

and their failure to investigate and prosecute the "arresting" officers and other CITY

employees for their use of "excessive force" and the defendants' failure to remedy the

severe penalties/ conditions promulgated against plaintiff DAVIS including the initial

assaults upon his person when illegally arrested when plaintiffs' apartment was searched

without a warrant and illegally detained,  the subsequent false arrest, detention and false

imprisonment of plaintiff STEVEN DAVIS and the destruction of plaintiffs' personal

property and the invasion of their privacy, even though there was literally no evidence to

base a criminal prosecution and/or defendants blatant failure to investigate the illegal

arrest and search and continuing to prosecute plaintiff; including but not limited to the fact that the CITY by the NYPD and/or HON. CYRUS VANCE, and/or the offices of the DISTRICT ATTORNEY OF NEW YORK COUNTY, did nothing meaningful to investigate his illegal arrest and the egregious assault upon plaintiff's person on 12/11/14 which resulted in severe physical injuries, false imprisonment and mental and emotional distress to the plaintiffs' DAVIS and AYAKO vis a vis the illegal search of their apartment and the seizure and destruction of their personal property and invasion of privacy. Plaintiff DAVIS seeks recovery for physical injuries and emotional distress and for his aforesaid damages, arising out of but not limited to his illegal false arrest, detention and initial false imprisonment of more than 5 days; that both plaintiffs seek recovery and remuneration for the illegal search and seizure of their premises without a warrant and the destruction of their personal property and invasion of their privacy together with attorney's fees, court costs and the like. Defendant CITY by the NYPD and HON. CYRUS VANCE and/or the offices of the DISTRICT ATTORNEY OF NEW YORK COUNTY and their negligence in prosecuting the plaintiff STEVEN DAVIS are named for the malicious prosecution of the plaintiff and their/its negligence in prosecuting the defendant STEVEN DAVIS, and negligent failure to monitor their respective staffs, employees and others including assistant district attorneys employed by said defendant. The defendant CITY is also named for the intolerable conditions and negligent actions for which STEVEN DAVIS had to endure at the hands of the NEW YORK CITY DEPT. OF CORRECTIONS, hereinafter referred to as CORRECTIONS, CITY or defendants, plaintiff was held in CORRECTION facilities under said defendants' auspices pursuant to the aforementioned false imprisonment for more than 5

days, during which time he suffered numerous instances where "excessive force" was

utilized against his person and he was physically injured and/or suffered mental and

emotional distress and trauma physical and mental injuries.

Plaintiff DAVIS separately brings causes of action against defendant CITY and

CORRECTIONS for incidents no. 2 and 3 set forth hereinafter in negligence for

excessive force/ assault, prima facie tort, intentional infliction of mental distress arising

out of the physical injuries and emotional distress he suffered.

2.      Through defendants' negligence and/or their negligent failure to act and/or as to

defendants CITY, CORRECTIONS, the NYPD and HON. CYRUS VANCE and

DISTRICT ATTORNEY'S OFFICE OF NEW YORK COUNTY to take reasonable and

prudent steps required since on or about 12/11/14 and their continued malicious

prosecution of plaintiff through June 2015.

JURISDICTION

3.      This action arises under Sections 1981, 1983, 1985 and 1988 of Title 42 of the

United States Code, and the First, Fourth, Sixth and Eighth, Fourteenth Amendments of

the Constitution of the United States, and under the Constitution of the State of New

York and the laws of the State of New York and the case law arising thereunder in

similar 1983 matters and the like.

PARTIES

4.      At all times relevant to the allegations of this complaint, plaintiffs STEVEN

DAVIS and AYAKO MINATOYA VELEZ are individuals residing at 254 East 125th

Street, Apt. 4C, New York, NY 10035, which is in the Southern District of New York.

That at all times hereinafter mentioned, the defendants, CITY, N.Y.P.D., NYC DEPT.

4

OF CORRECTIONS, HON. CYRUS VANCE, D.A. OF NEW YORK COUNTY and the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE and was is/are and still is/are a domestic and public benefit corporations, organized and existing under and by virtue of the laws of the State of New York.

5.      At all times hereinafter mentioned the Defendant THE CITY OF NEW YORK, (hereinafter referred to as "CITY" or defendant), is on information and belief is a municipal corporation duly organized and/or registered and/or chartered by the State of New York and has designated the Corporation Counsel of the City of New York to accept service at 100 Church Street, New York, NY 10007.

6.      That NYPD and CORRECTIONS is on information and belief owned, operated and/or subject to directives of the defendant CITY as are their supervisors, employees, police officers, corrections officers, etc.

7.      At all times relevant, defendants NYPD and/or CORRECTIONS is/are a municipal corporation(s) duly formed pursuant to the laws of the City and State of New York, and/or an agency, subdivision, department, of the defendant CITY OF NEW YORK duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York and was the employer and supervisor of defendant NYPD and/or CORRECTIONS supervisory staff and/or detectives and/or police and/or corrections officers and staff.  As such, it (NYPD, CORECTIONS, CITY) was/were responsible for training, supervision and conduct by defendants'.  CITY/ Defendants was also responsible, under law, for enforcing the regulations of the NYPD and/or NEW YORK CITY DEPARTMENT OF CORRECTIONS and for ensuring that CITY OF NEW YORK, NYPD, CORRECTIONS

and/or supervisory staff, and personnel, as well as police officers/ CORRECTIONS

officers in the employ of the NYPD/CORRECTIONS obey the laws of the City and State

of New York and of the United States and prosecute and enforce said laws.

8.      At all times relevant defendants THE CITY OF NEW YORK, NYPD,

CORRECTIONS was/were a municipal corporation(s) or subdivision thereof duly

formed under the laws of New York State and/or an agency, subdivision, department,

entity of the defendant CITY OF NEW YORK duly formed pursuant to law and/or is a

domestic and public benefit corporation organized or existing under and by virtue of the

laws of the State of New York, and was the employer and supervisor of the individual

defendants CORRECTIONS/police officers.  As such, NYPD was responsible for

training, supervision and conduct by defendants of its supervisory staff, personnel, police

officers, same were also responsible, under law, for enforcing the regulations of the New

York City Police Department and for ensuring that CITY OF NEW YORK, NYPD and

CORRECTIONS personnel obey the laws of the City and State of New York and of the

United States and/or carry out same. At all times relevant, defendant NYPD was a

municipal corporation(s) duly formed under the laws of New York State, and/or an

agency, subdivision, duly constituted entity, department, etc. of the defendant CITY OF

NEW YORK duly formed pursuant to law and/or is a domestic and public benefit

corporation organized or existing under and by virtue of the laws of the State of New

York and was the employer and supervisor of defendant NYPD supervisory staff and/or

detectives and/or officers.  As such defendants NYPD and CITY was/were responsible

for training, supervision and conduct by said named defendants JOHN DOE CAPTAIN

or LIEUTENANT AND POLICE OFFICERS "JOHN DOE" 1-4 and/or

CORRECTIONS officers.  Defendant CITY was responsible, under law, for enforcing the regulations of the NYPD and/or NEW YORK CITY DEPARTMENT OF CORRECTIONS and for ensuring that CITY OF NEW YORK, NYPD, and/or their respective supervisory staff, and personnel, as well as police and CORRECTIONS officers in the employ of the NYPD obey the laws of the State of New York and of the United States and carry out, prosecute and enforce said laws.

9.      At all times relevant defendant NYC DEPT. OF CORRECTIONS was a municipal corporation or subdivision thereof duly formed under the laws of New York State and/or an agency, subdivision, department, etc. of the CITY OF NEW YORK duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York, and was the employer and supervisor of defendant CORRECTIONS officers.  As such, NYC DEPT. OF CORRECTIONS was responsible for training, supervision and conduct by defendants of its supervisory staff, personnel, officers, etc.  It was also responsible, under law, for enforcing the regulations of the NYC DEPT. OF CORRECTIONS and for ensuring that NYC DEPT. OF CORRECTIONS personnel and officers obey the laws of the City and State of New York and of the United States and/or prosecute same.

10.     At all times relevant, defendant JOHN DOE CAPTAIN or LIEUTENANT AND POLICE OFFICERS "JOHN DOE" 1-4 are employees of the NYPD/ CITY and on information and belief were in the employ of the NYPD and working and/or at the time of the said egregious unprovoked assaults and battery, illegal detention and/or arrest of the plaintiff STEVEN DAVIS the use of excessive force and the search and seizure of plaintiffs' premises and the wanton destruction of plaintiffs' personal property and the

invasion of their privacy and the subsequent acts of malicious prosecution against DAVIS. The names and addresses of the said other defendants e.g. POLICE OFFICERS-LIEUTENANT AND/OR CAPTAIN and POLICE OFFICERS "JOHN DOE" 1-4 as to name and addresses are unknown to plaintiff and their counsel. Said police officers are responsible, under law, for enforcing and abiding by the regulations of the NYPD and the laws of the City and State of New York  and of the United States and for ensuring that their co-workers other NYPD personnel, City of New York personnel, and the like obey the laws of the City and State of New York and of the United States. At all times relevant hereto and in all their actions described herein, said defendant police officers, NYPD personnel, etc. were acting under color of law and pursuant to their authority as NYPD personnel/officers.

11.     HON. CYRUS VANCE (hereinafter referred to as VANCE and/or defendant) is the duly elected DISTRICT ATTORNEY OF NEW YORK COUNTY who maintains and is responsible for the offices of the DISTRICT ATTORNEY OF NEW YORK COUNTY at 1 Hogan Place, New York, NY,  County of New York, City and State of New York and is charged with the responsibility of prosecuting all New York State Law criminal matters in the County of New York, State of New York including but not limited to prosecutions, presentments and proceedings before the NEW YORK COUNTY Grand Jury, criminal proceedings in the Criminal Court and Supreme Court Criminal matters in NEW YORK COUNTY. In addition thereto VANCE is charged with the responsibility of supervising the Assistant District Attorneys of New York County and all staff members including investigators, the coordination of criminal prosecutions e.g. presentments to the Grand Jury with the NYPD and/or other law enforcement agencies and the like and in

protecting the rights of citizens of the County of New York, and of the City and State of New York and of the United States. THE DISTRICT ATTORNEY'S OFFICE OF NEW YORK COUNTY located at 1 Hogan Place, New York, New York is a law enforcement entity duly constituted by the State of New York to prosecute/litigate criminal matters in New York County in the Criminal Court and Supreme Court to conduct Grand Jury proceedings and the like. HON. CYRUS VANCE and the DISTRICT ATTORNEY'S OFFICE OF NEW YORK COUNTY are located in the SDNY.

12.     That at all times relevant to this complaint, or from 12/11/14 and thereafter, said defendants maintained and controlled in furtherance of its/their business by the said defendants, CITY and N.Y.P.D. and CORRECTIONS in the Boroughs of Manhattan or elsewhere in the City and State of New York; and was/were responsible for operating/controlling: jails, courts, police, police precincts, and/or their personal employees, police officers.

13.     At all times relevant, defendant NYPD employees, supervisory personnel and the like, here specifically defendants JOHN DOE CAPTAIN or LIEUTENANT AND POLICE OFFICERS "JOHN DOE" 1-4 and/or CORRECTION OFFICER CAPTAIN BLASSINGAME, CORRECTION OFFICER SECURITY CAPTAIN VISMILLS, CORRECTION OFFICER CODEA AND CORRECTION OFFICERS 1-4, who are named in this complaint as individual defendants and whose addresses are unknown other than c/o NYPD or CORRECTIONS other NYPD police officers, detectives, supervisors and/or personnel at the precinct in question, including but not limited to supervisors, the officers, and/or staff, whose identities are presently unknown to plaintiff and/or are on information and belief were NYPD personnel, staff, detectives, sergeant, lieutenant

and/or officers employed by the NYPD and/or by New York City Police Department, to perform duties in the CITY OF NEW YORK and elsewhere. At all times relevant, defendants above-named were acting in the capacity of agents, servants and employees of defendant CITY OF NEW YORK and are sued individually and in their official capacity.

FACTUAL ALLEGATIONS

15.     A general synopsis of the 12/11/14 incident which is the initial incident addressed in the instant summons and complaint are set forth with specificity in the Plaintiffs' Notice of Intention to File Claim that was duly served on 2/28/15 and inserted hereinafter in paragraph 40.  Additional relevant facts are as follows:

16.     Police officers entered the apartment where the plaintiffs STEVEN DAVIS and AYAKO MINATOYA (hereinafter referred to respectively as DAVIS and MINATOYA or plaintiffs) without the consent and/or permission of the plaintiff residents and without the benefit of an arrest or search warrant. The said "arresting"/ "searching" officers and there was several (the complaint notes as JOHN DOE CAPTAIN or LIEUTENANT and JOHN DOE POLICE OFFICERS 1-4). There was a loud knocking on the door. Plaintiff DAVIS looked through the peephole and saw the said NYPD officers, one was in a white shirt and he is believed to be a lieutenant, sergeant or captain.  DAVIS opened the door a crack to ask what the police wanted and they brusquely pushed the door open and burst in, threw him to the ground and began hitting and kicking him. The "white shirt" officer kicking him in the temple! A clear use of "excessive force". The police officers searched the apartment completely without a warrant, they "tossed" everything. The plaintiff DAVIS repeatedly asked what they wanted and what they were looking for while trying to cover his head with his arms. The police officers destroyed many of the plaintiffs'

possessions and work product and found no contraband, destroying some computers, musical instruments and other items of plaintiffs' property. Plaintiffs are both professional musicians. Valuable papers and memorabilia and other personal items were tossed and scattered about, damaged or made unusable.

17.     Plaintiff DAVIS was taken into custody, brought to a police precinct, physically abused, suffered emotional distress, taken downtown to Central Booking and then arraigned and remained imprisoned for 5 or more days.

18.     Some time in June of 2015 or 6 months later the false arrest and improper criminal charges that had been filed against the plaintiff DAVIS were all dismissed. Nevertheless the plaintiff DAVIS was subject to malicious prosecution in that the District Attorney of New York County and NYPD continued the prosecution on the said arrest for the aforementioned 6 months or more period of time.

19.     The plaintiff was held against his will in facilities maintained by the defendant CITY'S DEPT. OF CORRECTIONS from the date of his arrest 12/11/14 until his release 12/16/14. He was initially charged with multiple felony counts and  misdemeanors all of which were dismissed in  June 2015.

20.     That on or about 12/11/14 the plaintiff STEVEN DAVIS was falsely arrested  and was falsely charged by the NEW YORK COUNTY District Attorney's office and improperly filed a criminal court complaint against STEVEN DAVIS, STEVEN DAVIS was vindictively assaulted by one or more NYPD police officers, and subjected to the excessive use of force by same and then illegally detained and then falsely arrested and/or held/incarcerated, booked, processed, arraigned, falsely imprisoned as per the request of the defendants' CITY/NYPD and/or their police officers and personnel as denoted herein.

The plaintiff was further charged in criminal cases prepared and filed by the District Attorney of NEW YORK COUNTY, by HON. CYRUS VANCE, DISTRICT ATTORNEY OF NEW YORK COUNTY in the Criminal Court of the City of New York, in NEW YORK COUNTY on the aforementioned felonies and misdemeanors; on information and belief commanding officers or other NYPD personnel at the precinct negligently made a decision to hold and charge the said Plaintiff STEVEN DAVIS.  Said criminal complaints were filed on or about 12/11/14. That the initial illegal and/or false arrest and/or false imprisonment of the Plaintiff on the aforementioned false charges was on or about 12/11/14 based on the egregious false arrest and the assault and battery and excessive force upon his person by a police officer who kicked DAVIS in the head. Said arrest resulted in the intentioned illegal detention/ false imprisonment and/or false arrest and subsequent arraignments  and malicious prosecution of Plaintiff STEVEN DAVIS on criminal charges; the malicious prosecution initially at the request of the NYPD personnel in Criminal Court, NEW YORK COUNTY at the behest and request of the defendant police officers and/or the NYPD's negligent supervision including the decision to arraign and prosecute the plaintiff STEVEN DAVIS on false criminal charges. Ultimately those charges were dismissed on or about June 2015. That the criminal complaint against the plaintiff that he was maliciously prosecuted upon was improperly filed by THE DISTRICT ATTORNEY OF NEW YORK COUNTY and maliciously prosecuted by the HON. CYRUS VANCE, DISTRICT ATTORNEY OF NEW YORK COUNTY and his offices.

21.     The Plaintiff STEVEN DAVIS as a result of said intentional and/or negligent acts of defendants was initially assaulted without provocation when he was first arrested and

then illegally detained, falsely accused, falsely arrested, imprisoned, and subjected to intolerable conditions and unacceptable behavior of those who held him in custody, the DEPT. OF CORRECTIONS OF THE CITY OF NEW YORK, other intentional and/or negligent acts of defendants and/or on the part of the defendants included but were not limited to lengthy and intolerable interrogations and being forcibly held and falsely imprisoned for approximately 5 days. Plaintiff was the subject of malicious prosecution including the adjournment at the behest of the DISTRICT ATTORNEY and the POLICE which resulted in his continued incarceration for 5 days and malicious prosecution for 6 months.

22.     The Plaintiff suffered from the said acts of defendants and/or failure to act including physical injuries and extreme mental and emotional distress. The plaintiff was publicly humiliated, physically assaulted and/or abused by the police and arresting officers and by CORRECTIONS officers and staff; specifically the POLICE OFFICER/Sergeant/Lieutenant he "kicked" the plaintiff in the temple more than once! One or more police officers struck STEVEN DAVIS while another police officer held his from behind and thereafter STEVEN DAVIS was thrown to the ground, picked up and shoved into the police car even though he explained vehemently to the police officers that he was innocent of any wrongdoing and had not violated any law or ordinance and that the defendant police officers' actions were unwarranted and uncalled for and amounted to an illegal search and the use of excessive force! This all occurred in the County of New York, City, and State of New York, which is in the Southern District of New York. The Plaintiff DAVIS immediately became ill and remained in an infirm state and having been assaulted and otherwise was physically abused while incarcerated and was not afforded

adequate medical attention and/or treatment. Plaintiff DAVIS was deprived of his liberty, and/or lost companionship of family and friends. Plaintiff DAVIS was forced to incur legal and medical expenses and the like.  The personal property of both plaintiffs was damaged beyond repair and their personal privacy was violated.

23.     On information and belief the City of New York has negligently failed to properly administer it's agencies and/or departments (NYPD and CORRECTIONS) and the like in regard to the supervision and control over police officers who accuse and arrest citizens and directly affect those accused, detained, arrested, and/or incarcerated and in particular the Plaintiff STEVEN DAVIS and/or CORRECTIONS officers who harassed, mistreated and/or assaulted plaintiff while he was incarcerated and/or for negligently failing to protect him from other inmates here "The Bloods" (see incident #2 and 3 hereinafter in paragraph 24 and thereafter).   The said negligence of the CITY (NYPD and CORRECTIONS) together with defendants HON. CYRUS VANCE and DISTRICT ATTORNEYS OFFICE NEW YORK COUNTY, has negligently contributed to and/or is responsible for excessive force, assault on plaintiff DAVIS, false arrest, false imprisonment and other torts that occurred against him and the continued malicious prosecution and mistreatment of the plaintiff DAVIS and the continued malicious prosecution of the plaintiff DAVIS; together with the loss of personal property of the plaintiffs.

INCIDENT #2

24.     In or about September 16, 2015, the plaintiff was involved in an incident with another inmate at the Manhattan Correction Facility which is referred to as "The Tombs". On information and belief the defendant CITY department of CORRECTIONS  was

aware of the fact that the plaintiff had been the subject of a widely distributed television expose where a news reporter Sarah Wallace interviewed him about the dangerous conditions at Rikers Island involving "the Bloods". If not prior to that interview but definitely after same the CORRECTIONS became aware of the fact that the defendant's life was in danger whenever he was in close proximity to the Bloods. The plaintiff pointed this out to CORRECTIONS at the Tombs when they were removing him and not the other inmate, who had attacked him without cause when he was serving inmates in the cafeteria, to Rikers Island where many Bloods are housed. CORRECTIONS officials assured plaintiff that he would "be safe" on Rikers Island and that he would be separated but he was not "separated". Soon after his arrival on Rikers Island 9/17/15, the plaintiff was accosted by several Bloods and stabbed several times and beaten severely requiring medical attention.

25.     On information and belief a CAPTAIN BLASSINGIME was made aware of the situation as was SECURITY CAPTAIN VISMILLS (both are individually named as defendants herein). Plaintiff was treated by a doctor on Rikers Island and on information and belief a medical report exists describing the slashing to his chest area that he has a permanent scar from.

26.     On information and belief sometime in December of 2015 the plaintiff was administered an EKG by CORRECTIONS at Manhattan Detention Center which revealed that he had suffered a mild heart attack which on information and belief was the result of his incarceration and the said attack of 9/17/15. CORRECTIONS is aware of the plaintiff's heart ailment and has negligently failed to take it into consideration when determining appropriate locations in its vast prison system to locate him in where his

health might be affected by the location just as it has negligently failed to take into

consideration the fact that the plaintiff's outspoken remarks that were widely publicized

against The Bloods makes it exceedingly dangerous for him to be in the facilities where

any Bloods members are in close proximity requiring that the plaintiff be segregated.

27.     CORRECTIONS and therefore the CITY are on notice of the incidents in

September of 2015 by reason of a formal letter sent by plaintiff's counsel to the Legal

Division of Corrections and phone calls on 9/21/15 together with the fact that the plaintiff

submitted a formal complaint/grievance. Plaintiff's attorney submitted a notice of claim

in said regard timely in December 2015.

INCIDENT #3

28.     On or about December 2, 2015 Plaintiff DAVIS was again negligently removed

from a safe area in the "Tombs" to a floor where CORRECTIONS knew there were

inmates who were "Bloods". On or about December 2, 2015 DAVIS was removed to an

area where he was attacked by several members of the Bloods, severely beaten and

suffered black eyes, bruises and abrasions and on information and belief the exacerbation

of his heart condition known to CORRECTIONS. Said incident was related and made a

part of the aforementioned notice of claim of 12/11/15 alleging negligence and other torts

in regard to CORRECTIONS for their continued recalcitrance in assigning the plaintiff

DAVIS to a safe location in their vast jail system where he can be separated from

members of the Bloods gang; especially where CORRECTIONS is on notice of the

membership of the inmates in the Bloods.

29.     On information and belief defendants, CITY, NYPD, CORRECTIONS and/or

HON. CYRUS VANCE, DA'S OFFICE NEW YORK COUNTY, negligently failed to

16

train, supervise, officers, personnel, assistant district attorneys and/or superiors to supervise and/or control the administration of justice.  That as a result of the said negligence the plaintiff suffered.

30.     The Plaintiff STEVEN DAVIS in 12/2014 was falsely arrested and accused by the N.Y.P.D. was incarcerated  and falsely imprisoned as well; the plaintiff DAVIS was initially severely beaten by the arresting officers when he was illegally arrested on his property without a warrant or probable cause.

31.     That on information and belief the Defendants, N. Y. P. D. it's police officers, detectives, agents and the like, knew prior to entering the premises of the plaintiffs that they were required to have a search warrant, nevertheless they searched the entire apartment destroying personal property, DAVIS was egregiously and without provocation assaulted by the police and needlessly falsely arrested and imprisoned and maliciously prosecuted despite the fact no contraband was found on his person and/or in his apartment.

32.     That the Plaintiff STEVEN DAVIS was held as a prisoner against his will in detention, negligently mistreated in the cells, jails, and prisons administered by CORRECTIONS for approximately 5 days and was effectively prevented from enjoying his freedom and the companionship of friends and family. The plaintiff STEVEN DAVIS was severely injured and needed medical attention and from the injuries that he sustained because of the assault/ excessive force he received from the police officers and subsequent mistreatment when in prison. Plaintiff was traumatized emotionally and physically and emotionally injured. He was deliberately "tackled"/taken down when arrested and kicked in the head even though he had committed no crime. On information

and belief the plaintiff was emotionally affected by the said assault on him and the unconscionable 5 days of imprisonment.

33.     On information and belief the actions of the defendants NYPD, CORRECTIONS, HON. CYRUS VANCE and the DISTRICT ATTORNEY'S OFFICE OF NEW YORK COUNTY were intentionally done to harass and annoy and interfere with the plaintiff STEVEN DAVIS and to convince him to plead guilty to a lesser charge(s) and to cover up the illegal police conduct and malicious prosecution. Said actions were unconscionable and violated the plaintiff's constitutional rights to due process, right to counsel and fair trial under the United States, 1st, 4th, 6th, 8th and 14th amendments, and the New York State Constitutions. The egregious assault(s) on the plaintiff without provocation and then his illegal detention, initial false arrest, use of "excessive force" and the interrogations of the defendant, the egregious illegal search and seizure of the plaintiff's apartment and property and subsequent false imprisonment and malicious prosecution violated his constitutional rights under the New York State and Federal Constitutions including but not limited to his right to due process of the law under the 14th Amendment of the United States Constitution.

34.     The said defendants are liable for the intentional torts denoted in this complaint; their negligence, for false arrest, false imprisonment, assault (excessive force), intentional infliction of mental distress and for prima facie tort in that there was the deliberate withholding of evidence and/or deliberate failure to investigate, falsification of criminal charges, the destruction of, misuse of, and/or failure to utilize a warrant and reveal evidence that could have exonerated plaintiff and/or that the said defendants are liable for their negligence and/or were negligent for their said actions and/or failure to act and/or

are liable for negligence, assault, fraud (filing of a false instrument here the criminal complaint), false arrest, false imprisonment, malicious prosecution and all other claims denoted in the initial and the notice of claim that is incorporated in the instant complaint, and are liable to both plaintiffs for the value of their destroyed property.

35.     That the said false arrest, false imprisonment and malicious prosecution of the Plaintiff DAVIS was void on its face and/or became obvious when on information and belief evidence was obtained by defendants (e.g. Police/ District Attorney NEW YORK COUNTY), exonerating the plaintiff and/or that there had been an illegal search of plaintiffs' premises without a warrant.

36.     That on information and belief the defendants CITY, NYPD, CORRECTIONS, HON. CYRUS VANCE and/or DISTRICT ATTORNEY'S OFFICE NEW YORK COUNTY, fraudulently and/or knowingly withheld from the Plaintiff DAVIS and/or his attorneys and the court and any and all information in their possession that would have exonerated the plaintiff DAVIS and would have resulted in the prompt dismissal of the criminal charges and reinstatement of his rights and his release; that the said knowing and fraudulent actions by the defendants in the continued false and illegal prosecutions of the Plaintiff DAVIS and the loss of his freedom and resulted in the physical, mental, and emotional distress that the plaintiff endured the acts of the defendants and/or other acts noted herein establishing their liability for fraud.

37.     That the foregoing acts of the defendants negatively affected the reputation of the Plaintiffs and caused them emotional disturbance and distress and interfered with their professional activity.

38.     That plaintiff STEVEN DAVIS was initially beaten by the police and/or was

illegally arrested and detained when the police used "excessive force" and then

incarcerated for over 5 days and during time of incarceration suffered mental and

emotional stress and strain and his health deteriorated.

39.     That plaintiff DAVIS was held in custody in a jail(s) maintained by the

defendant(s) CITY, NYPD and then by the DEPT. OF CORRECTIONS.

40.     That as a result of the foregoing acts of the defendants the Plaintiff STEVEN

DAVIS and/or his family or co-plaintiff MINATOYA were compelled to retain counsel

and/or expend monies for the defense/ representation of DAVIS and/or attempts to secure

the release of Plaintiff, and will continue to be obligated for legal expenses in the future.

Plaintiff had to retain counsel to protect his legal rights and in his criminal defense.

41.     That an initial notice of claim and/or notice of intention to sue was duly served

upon the defendants within 90 days after the said cause of action of the plaintiff

"accrued". The Notice of Claim reads as follows:

> "PLEASE TAKE NOTICE, that the undersigned claimant STEVEN
> DAVIS, intends to file a claim against the city of New York, pursuant to
> Section 10 and 11 of the Court of Claims act.
>
> The Post Office address of the Claimant herein is:
> MDC
> 125 White St.
> New York, N.Y. 10013
>
> For the time being I am representing myself:
>
> Place of Incident and Address:
> 254 East 125th St. Apt #4C
> New York, N.Y. 10035
>
> Date of Incident: December 11th, 2014
> The nature of the Claim is as follows:

1)      On December 11th 2014 police officers from the 25th precinct entered the location of 254 E. 125th St. New York, N.Y. 10035 Apartment 4C without a arrest warrant nor a search warrant.

2)      This illegal entry was based on the alleged allegations of a clearly mentally ill and deranged gentleman, who officers and detectives say they realized was under the influence of some kind of drug/narcotic. Who had told them multiple stories and led them to two different locations before finally arriving at the plaintiffs residence.

3)      At approximately 9:45 p.m. or thereabout the plaintiff heard a knock at his apartment door. Upon entering it he was confronted by 4 or 5 detectives and plainclothed officers with their weapons drawn and screaming at him to lay down on the floor and to drop the butter knife he had been cooking with before answering the door, which he dropped immediately. These officers were very rude and disrespectful stating that they would shoot his "black motherfucken ass where he stood".

4)      Plaintiff was then thrown to the floor as officers fell on top of him demanding his hands. Plaintiff repeatedly requested to know the reason for this abusive treatment. His inquiry was ignored as they man handled hi just to handcuff him when he was not even resisting them.

5)      After the plaintiff was handcuffed but while he was still laying on the floor he began to complain of chest pains his complaints were ignored but as he looked up a officer of the rank of Sergeant or higher as rearing back his right foot to kick him in his face. The plaintiff was able to turn his face away just in time so as to take the blow to the side of his head and ear on the left side.

6)      The plaintiff was then stood up and place against the wall and searched as well as another visitor who was a guest of the plaintiff. At no time was anything illegal found on the plaintiff or his visitor.

7)      Again the plaintiff demanded to know what was the reason for this blatant intrusion? He was told that he would learn everything at the station house.

8)      At this time plaintiff realized that his apartment was being searched by approximately 9 to 12 plainclothed officers and detectives. Who were not just searching the apartment but, were disregarding very expensive property and destroying things as they continued to look for what plaintiff later learned was a gun or guns. Which were never at any point in the apartment and had been created in the mind of the gentleman who had made this false report in the first place.

9)      After searching the plaintiffs entire apartment and not finding anything illegal the plaintiff and his guest were taken to the 25th precinct. As they were leaving plaintiff heard the same officer who he believes to be a Sergeant or higher state they would do a once over of the apartment and then follow them to the station.

10)     The plaintiff and his guest were held in the precinct approximately 14 hours before taken to central booking. During this entire time the arresting officer continued to lie to the plaintiff telling him that he knew

that the witness was lying and that he plaintiff was only being charged with possession of a weapon the "butter knife" which plaintiff knew could not be classified a weapon.

11)     It was later learned that the arresting officer had actually charged the plaintiff and his guest with Robbery of the gentleman in the plaintiffs apartment which he truly knew was in fact a lie. Despite this knowledge they still chose to violate the plaintiffs 14th, 8th, 5th and 4th Amendments of the United States Constitution, as well as Article 1 § 5, 11, 12 of the New York State Constitution.

12)     On or about December 20th 2014 the plaintiff Ayako Minatoya Velez returned to her home at 254 E. 125th Street New York, N.Y 10035 Apt #4C and found that her apartment had been totally destroyed.

13)     She further learned that her business partner and room-mate Steve Davis had been arrested for a false robbery and that her property had been illegally search and that was the reason that everything was thrown all over the house.

14)     She further learned that the plaintiff Steven Davis had been accosted by police officers who had drawn weapons on him causing him to have a mild heart attach. Which caused her to have a panic attack being from another country she had not known police officers to act in such a manner to totally disregard a persons home and personal belongings.

15)     The plaintiffs have suffer greatly from the actions of the officers and detectives involved in this complaint which caused the plaintiffs severe physical and mental pain and anguish.

16)     Plaintiffs hearing has been permanently impaired as a result of the blow to the side of his head by the Sergeant.

17)     Plaintiff having been a musician prior to his incarceration, plaintiff having anticipated returning to that profession upon his release, claimant having been impaired as a result of this incident so as to have reduced his abilities and the likelihood of remaining gainfully employed as a musician, plaintiff seeks $10,000,000.00 in damages for lost of potential earnings.

18)     Plaintiffs having publically defamed, wrongfully arrested, detained and prosecuted and for the emotional distress, mental anguish, psychological and physical trauma seeks $5,000,000.00 in damages.

19)     The plaintiff having suffered a mild heart attach as a result of this traumatic arrest, assault and battery and for dissuading the plaintiff from seeking medical treatment by misleading to believe that he was being charged with a crime that would allow him to medical assistance on the outside the plaintiff seeks $5,000,000.00 in damages.

20)     And for the destruction of the plaintiffs property and apartment the plaintiff seeks $100,00.00.

        WHEREFORE, the plaintiffs respectfully request judgment against the defendants in the sum of $20,100,000.00"

42.    That more than thirty days have elapsed since the service of the said notice of

claim and/or notice of intention to sue upon defendant.

43.     That the defendants and its comptroller and/or counsel have failed, neglected and refused to pay, settle, compromise or adjust the claim of the plaintiff herein.

44.     That this action has been commenced within one year and ninety days after the cause of action of plaintiff accrued; notice of claim was served personally and by certified mail, the plaintiff will purchase the summons on or about 12/21/15 and will serve all of the defendants.

45.     The defendants have failed to conduct a 50H deposition of either plaintiffs.

46.   That at all times relevant to this complaint, or from on or about 12/11/14 and thereafter, said defendants maintained and controlled in furtherance of its/ their business by the said defendants, CITY and NYPD, DEPT. OF CORRECTIONS and DISTRICT ATTORNEY OF NEW YORK COUNTY, in the County , City and State of New York and was/were responsible for operating/ controlling: precincts, precinct districts, high precincts, prosecution of Criminal court cases, jails, courts, police, police precincts, and/or their personal employees, and the like. That the HON. CYRUS VANCE, DISTRICT ATTORNEY NEW YORK COUNTY, were responsible for the lawful and non-negligent prosecution of the Criminal court cases and indictments and Grand Jury proceedings in NEW YORK COUNTY and to coordinate said prosecutions with the CITY, NYPD and other law enforcement agencies.

47.     As a result of his treatment at the hands of the defendants' (in particular the NYPD and their respective police officers named herein e.g. CORRECTION OFFICER CAPTAIN BLASSINGAME, CORRECTION OFFICER SECURITY CAPTAIN VISMILLS, CORRECTION OFFICER CODEA AND CORRECTION OFFICERS 1-4,

POLICE OFFICERS JOHN DOE 1-4)  and/or DISTRICT ATTORNEY'S OFFICE OF NEW YORK COUNTY, HON. CYRUS VANCE, and thereafter in regard to incidents 2 and 3, at the hands of CORRECTION OFFICER CAPTAIN BLASSINGAME, CORRECTION OFFICER SECURITY CAPTAIN VISMILLS, CORRECTION OFFICER CODEA AND CORRECTION OFFICERS 1-4,  plaintiff STEVEN DAVIS suffered physical and mental injury, pain, humiliation and emotional distress, in addition to loss of liberty, and the like and both plaintiffs suffer the loss and/or destruction of their personal property.

48.     Plaintiff DAVIS's causes of action for false imprisonment and illegal detention include the dates from 12/11/14-12/16/14, the date of his release,  additional days of malicious prosecution until June 2015 were unconscionable and uncalled for. The plaintiff should have been released on his own recognizance at arraignment therefore the causes of action for false imprisonment and illegal detention and for malicious prosecution run through the release date and thereafter until 6/20/15 since it was the actions of the NYPD and HON. CYRUS VANCE, DISTRICT ATTORNEY NEW YORK COUNTY and/or his offices,  that perpetuated the tortuous and false actions against the plaintiff through June 2015 and in effect defendants negligently continued the malicious prosecution by the defendants through June 2015 by HON. CYRUS VANCE and the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE and the CITY (NYPD) providing additional indicia for plaintiff's causes of action for compensatory and punitive damages; which are also sought because of the unconscionable illegal search and seizure that resulted in the loss and destruction of personal property of the plaintiffs and the invasion of their privacy.

49.     Upon information and belief the abuse to which the plaintiff was subjected was consistent with institutionalized practices of the CITY OF NEW YORK, the NYPD, the NYC DEPT. OF CORRECTIONS and of HON. CYRUS VANCE and the DISTRICT ATTORNEYS OFFICE OF NEW YORK COUNTY, which was known to and ratified by defendant CITY OF NEW YORK, said defendants having at no time taken any effective action to prevent NYPD/ CORRECTIONS and/or its personnel and/or the DISTRICT ATTORNEYS OFFICE OF NY COUNTY from continuing to engage in such misconduct.

50.     Upon information and belief, the abuse to which the plaintiff was subjected was consistent with institutionalized practices of the DISTRICT ATTORNEYS OFFICE OF NEW YORK COUNTY AND HON. CYRUS VANCE, which was known to and ratified by defendant CITY OF NEW YORK, said defendants having at no time taken any effective action to prevent NYPD, CORRECTIONS and/or the DISTRICT ATTORNEYS OFFICE NEW YORK COUNTY and HON. CYRUS VANCE and/or NYPD and/or CORRECTIONS and/or DA's office and personnel from continuing to engage in such misconduct.

51.     Upon information and belief, defendants CITY OF NEW YORK, DISTRICT ATTORNEYS OFFICE NEW YORK COUNTY and/or NYPD and/or CORRECTIONS had prior notice of the propensities of defendant NYPD and/or CORRECTIONS personnel and/or police or CORRECTIONS officers and/or DISTRICT ATTORNEYS OFFICE or personnel and/or lack of training, but took no steps to train them, correct their abuse of authority or to discourage their unlawful use of authority. The failure to properly train said defendants' officers and staff included lack of instruction as to the proper

procedure to protect citizens who are arrested and/or incarcerated during law enforcement and criminal prosecutions.

52.    Upon information and belief, defendants CITY OF NEW YORK and/or NYPD and CORRECTIONS authorized, tolerated as institutionalized practices, and ratified the misconduct herein before detailed by: (a) failing to properly discipline, restrict and control NYPD and/or CORRECTIONS employees, supervisors, and supervisory staff of police officers including those posted for patrol  (b) failing to take adequate precautions in the hiring, promotion and retention of NYPD/CORRECTIONS and/or police/CORRECTIONS personnel, including specifically defendant NYPD/CORRECTIONS supervisors noted herein and/or police officers stationed at the precinct; (c) failing to forward to the office of the DISTRICT ATTORNEY OF NEW YORK COUNTY evidence of illegal acts committed by the defendant police officers and/or detectives and/or CORRECTIONS officers and withholding and/or destroying evidence and/or failure to adequately investigate claims by criminal defendants and their counsel, here specifically the plaintiff; and (d) failing to establish and/or assure the functioning of a meaningful departmental system for dealing with complaints about NYPD/CORRECTIONS supervisors or employees and/or police/ CORRECTIONS misconduct, and/or negligent failure to act to secure the safety of a citizen and to prevent further violence to that citizen but instead responding to such valid complaints of the plaintiff supported by others and official denials calculated to mislead the public and actions taken to denigrate and punish the innocent citizen who fastidiously took every step humanly possible to try to gain DAVIS' freedom and established his innocence. This conduct also constitutes negligence and/or gross negligence under state law and is

applicable to the detention and loss of property claims of plaintiffs and their invasion of privacy claims.

53.    HON. CYRUS VANCE and/or DISTRICT ATTORNEY'S OFFICE NEW YORK COUNTY negligently failed to properly supervise and monitor and negligently conducted the prosecution of defendant (here the plaintiff DAVIS)  that his said offices by withholding information and/or evidence from plaintiff DAVIS and his counsel and/or its failure to adequately investigate claims by criminal defendants and their counsel, here specifically the plaintiff; and (d) failing to establish and/or assure the functioning of a meaningful departmental system for dealing with complaints against the DISTRICT ATTORNEY'S OFFICES, NYPD and/or CORRECTIONS.

54.    As set forth in the notice of claim, STEVEN DAVIS 's injuries resulted from the negligence and/or other tortious acts and carelessness of the agents, employees, servants and/or police officers of the NYPD, defendant CITY, CORRECTIONS and/or HON. CYRUS VANCE and the DISTRICT ATTORNEY'S OFFICE NEW YORK COUNTY.

55.    From that time plaintiff was initially maliciously prosecuted and imprisoned 12/11/14. He was kept imprisoned by defendants in facilities operated by CORRECTIONS until 12/16/14.

56.    The initial incident which gave rise to plaintiffs DAVIS and AYAKO's claim initially occurred on 12/11/14, and continued as to the malicious prosecution until the discontinuance of DAVIS' criminal case in June 2015.

57.    The second incident initially began in the Tombs on or about 9/17/15 when plaintiff DAVIS was negligently removed to Rikers Island where he was subsequently viciously assaulted by members of the Bloods because of the negligence of

CORRECTIONS and their supervisors and officers. A notice of claim was duly served in December 2015 upon the CITY.

58.     The third incident that occurred on or about 12/2/15 involved another incident when CORRECTIONS negligently removed the plaintiff DAVIS from a safe area of the prison to a place where CORRECTIONS were on notice there were members of the Bloods gang who had a "contract" out on DAVIS. DAVIS was viciously assaulted again and sustained physical and emotional injuries again and defendants were put on notice by notice of claim in December 2015.

<u>FEDERAL CAUSES OF ACTION</u>

59.     Each and every allegation set forth in Paragraphs "1" through "54" is incorporated herein by reference.

60.     The above described actions and omissions, engaged in under color of state authority by defendants, including defendants CITY, NYPD, CORRECTIONS, HON. CYRUS VANCE, DISTRICT ATTORNEYS OFFICE NEW YORK COUNTY, etc. responsible because of its authorization, condonation and ratification thereof for the acts of its agents, deprived plaintiffs of rights secured to them by the Constitution of the United States, including, but not limited to, their Fourth Amendment right to be free from illegal search and seizure without a warrant and as to plaintiff DAVIS for false arrest and imprisonment and the right to be free from unjustified and excessive force utilized by police, and his Eighth Amendment right to be free from cruel and unusual punishment and fourteenth amendment right to due process and equal protection under the laws, and his 6th Amendment right to a fair trial.

## ATTORNEYS' FEES AND JURY TRIAL

61.     Plaintiffs are entitled to an award of attorneys' fees, pursuant to 42 U.S.C. 1988

(b); 42 U.S.C. 1983. Plaintiffs request a trial by jury.

**WHEREFORE**, plaintiff DAVIS individually demands the following relief,

jointly and severally, against all the defendants: One million ($1,000,000.00) dollars

against each defendant in negligence for false arrest, false imprisonment, assault,

(excessive force), fraud, intentional infliction of mental distress, Prima facie tort, Abuse

of Process, Filing a false complaint, malicious prosecution , in favor of plaintiff against

each individual defendant; Punitive Damages $1,000,000.00 against each Defendant,

Compensatory Damages $1,000,000.00 against each Defendant; and both plaintiffs

demand judgment of $100,000.00 each for the illegal search and seizure of their property,

the destruction and loss of their property and for the invasion of their privacy.

1. Negligence
2. False arrest
3. False Imprisonment
4. Intentional infliction of mental distress
5. Prima facie tort
6. Fraud
7. Abuse of Process
8. Filing a false complaint and/or attempt and/or conspiring to file a false complaint
9. Malicious Prosecution
10. Assault and Battery (excessive use of force)

TOTAL AMOUNT CLAIMED: $24,200,000.00

A.     Plaintiff DAVIS demands Tort Claims, one million ($1,000,000.00) dollars each against each defendant or million ($1,000,000.00) dollars.
B.     Compensatory damages in the amount of One Million ($1,000,000.00) Dollars against each defendant;
C.     Punitive damages in the amount of One Million Dollars against each defendant;

D.    Both plaintiffs demand judgment of $100,000.00 each for the illegal search and seizure of their property, the destruction and loss of their property and for the invasion of their privacy

E.    Attorneys' fees pursuant to 42 U.S.C. 1988(b); 42 U.S.C. 1983; and

F.    For such other and further relief as to the Court deems just and proper.


DATED:      New York, New York
            December 17, 2015


                                        Law Office of Stuart R. Shaw,

                                  By:

                                        Attorney for Plaintiffs
                                        30 West 95th Street, 1st Fl
                                        New York, NY 10025
                                        (212) 661-6750
                                        (212) 661-6594 FX


To:     Corporation Counsel of the City of New York,
Attorney for Defendants
100 Church Street, 4th Floor,
New York, N. Y. 10007

Comptroller of the City of New York
C/O Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, N. Y. 10007

New York City Police Department
One Police Plaza
New York, N. Y. 10038-1497
and
c/o Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, NY 10007

NEW YORK CITY DEPARTMENT OF CORRECTION
75-20 Astoria Blvd.
East Elmhurst, NY 11370
and
c/o Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, NY 10007

HON. CYRUS VANCE

DISTRICT ATTORNEYS OFFICE NEW YORK COUNTY
1 Hogan Place
New York, New York

DISTRICT ATTORNEYS OFFICE NEW YORK COUNTY
1 Hogan Place
New York, New York

JOHN DOE CAPTAIN or LIEUTENANT
AND POLICE OFFICERS JOHN DOE 1-4
c/o New York City Police Department
One Police Plaza
New York, N. Y. 10038-1497

CORRECTION OFFICER CAPTAIN BLASSINGAME,
CORRECTION OFFICER SECURITY CAPTAIN VISMILLS,
CORRECTION OFFICER CODEA,
CORRECTION OFFICERS 1-4
C/O NEW YORK CITY DEPARTMENT OF CORRECTION
75-20 Astoria Blvd.
East Elmhurst, NY 11370
and
c/o Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, NY 10007